UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SEAN IRA NESBITT,
FDOC Inmate #E33247,
    Plaintiff,

vs.                                            Case No.:  3:22cv5435/LAC/ZCB

D. DANIO, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Sean Ira Nesbitt is an inmate proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.[1] After reviewing Plaintiff's complaint, the Court recommends this case be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1) for Plaintiff's abuse of the judicial process.

The prisoner civil rights complaint form requires a prisoner to list his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has held that a prisoner's complaint may be dismissed without prejudice as malicious and an abuse of process when a prisoner misrepresents his litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

1

(11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits).[2]  Dismissal is appropriate, even if the prisoner claims a misunderstanding caused his failure to disclose litigation history.  *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, Section VIII of the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal court.  (Doc. 1 at 8-11).  Question C asked whether Plaintiff had "filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of his confinement?"  (*Id.* at 10).  Plaintiff checked the box for "NO."  (*Id.*).  At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare under penalty of perjury that the foregoing . . . is true and correct."  (*Id.* at 11-12).

---

[2] A raft of Eleventh Circuit cases say the same thing.  *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (concluding dismissal of prisoner's complaint as malicious for abuse of judicial process was warranted where prisoner failed to disclose prior cases against prison officials); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

Plaintiff, therefore, certified that he had not filed any other lawsuit in federal court relating to the conditions of his confinement. That certification is false. According to Public Access to Court Electronic Records (PACER), Plaintiff commenced *Nesbitt v. Varnum., et al.,* 2:19cv14107-RLR, on March 21, 2019, in the U.S. District Court for the Southern District of Florida. (2:19cv14107-RLR (S.D. Fla.), Doc. 1). How does the Court know that this Sean I. Nesbitt and that Sean I. Nesbitt are one and the same? The plaintiff in the Southern District case listed FDOC Inmate #E33247 on the complaint form. (2:19cv14107-RLR, S.D. Fla., Doc. 1 at 1). Plaintiff listed the same inmate number on the complaint form in this case. (Doc. 1 at 1).

In the Southern District case, Plaintiff alleged that three correctional officers were deliberately indifferent to his safety by failing to protect him from another inmate. (2:19cv14107-RLR, S.D. Fla., Doc. 1 at 6). Thus, that lawsuit was clearly a federal lawsuit "relating to the conditions of confinement." As such, it should have been identified on Plaintiff's complaint form in the current case.

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise

3

should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

Plaintiff's pro se status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. The Court will not tolerate false statements in any pleading or motion. The Court is concerned that if misrepresentations on the complaint form are not met with consequences, then word will spread throughout the prisons that the complaint forms need not be truthfully completed.

As detailed above, Plaintiff misrepresented—under penalty of perjury—his prior litigation history on the complaint form. He did so, despite having been advised on the complaint form that "***failure to disclose all prior cases may result in the dismissal of this case.***" (Doc. 1 at 11). Consistent with that warning and the Eleventh Circuit precedent previously cited, it is recommended that Plaintiff's complaint be dismissed without prejudice.[3]

---

[3] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would be an inadequate sanction for his conduct. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court

Accordingly, it respectfully **RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** as malicious, pursuant to 28 U.S.C. § 1915A(b)(1).

2. That the Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 17th day of June 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).